D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZEPHANIAH DANTZLER,

                Petitioner,

    -against-


UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-


ZEPHANIAH DANTZLER,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-3335 (NGG)**

**12-CR-568 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Zephaniah Dantzler ("Petitioner") brings this pro se Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2255 (the "Petition"). (See Mot. to Vacate ("Pet.") (Dkt. 71).) For the

reasons stated below, Dantzler's Petition is DENIED.

## I.    PROCEDURAL HISTORY

      The court assumes familiarity with the underlying facts of the proceedings. Thus, the

court will only address information relevant to the instant petition.

      On March 27, 2013, Petitioner pleaded guilty to one count of felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). (See March 27, 2013, Min. Entry (Dkt. 45).) At

Petitioner's original sentencing hearing on July 25, 2013, the court determined that Petitioner

had previously committed three violent felonies on "occasions different from one another," and

that as a result, Petitioner was subject to an enhanced sentence under the Armed Career Criminal

1

Act ("ACCA"), 18 U.S.C. § 924(e).[1] (Statement of Reasons (Dkt. 52) at 3.) The court sentenced

Petitioner to 180 months of imprisonment. (Id. at 2.)

On appeal, the Second Circuit held that the district court erroneously determined that

Petitioner's violent predicate felonies were "committed on occasions different from one another"

within the meaning of the ACCA and that the court improperly enhanced his sentenced under the

ACCA based on source materials not approved by the Supreme Court. See United States v.

Dantzler, 771 F.3d 137, 146 (2d Cir. 2014). The Second Circuit remanded the case for

resentencing. Id. at 149-50.

At resentencing, the district court determined that Petitioner was not subject to ACCA

and that his total offense level under the advisory Guidelines was 23. United States v. Dantzler,

117 F. Supp. 3d 198, 214 (E.D.N.Y. 2015). Petitioner's total adjusted offense level of 23 was

calculated as follows:

- A base offense level of 24, pursuant to the United States Sentencing Guidelines

  ("U.S.S.G.") § 2K2.1(a)(2), because Dantzler committed the instant offense after

  having sustained two or more felony convictions for crimes of violence;

- A two-level increase was added, pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because

  the firearm at issue was stolen;

- A three-level reduction for timely acceptance of responsibility, pursuant to

  U.S.S.G. §§ 3E1.1(a) and (b).

(PSR ¶¶ 11-16, 23.)

---

[1] Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for violent felonies "committed on occasions different from one another" is subject to a minimum sentence of imprisonment of fifteen years, or 180 months. Id. § 924(e)(1).

Based on the total offense level of 23 and a criminal history category of VI, the court determined Petitioner's applicable advisory Guidelines range to be 92 to 115 months of imprisonment. (Aug. 7, 2015 Sent. Tr. ("Sent. Tr.") (Dkt. 70) at 4-5.) All parties agreed with the Guidelines calculation. (Id. at 5.) After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court sentenced Petitioner to the statutory maximum of 120 months of imprisonment. (Id. at 13-15.)

## II. THE INSTANT PETITION

Petitioner timely filed the instant § 2255 petition on June 21, 2016, asserting that he is entitled to collateral relief in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the ACCA's residual clause is unconstitutionally vague. (See Pet. at 5, 14.) Specifically, Dantzler claims that his first and second-degree robbery convictions do not constitute "crimes of violence" for purposes of increasing his base offense level to 24 pursuant to U.S.S.G. § 2K2.1(a)(2), because Johnson held that the identical "residual clause" of the ACCA was unconstitutionally vague. Second, Dantzler contends that New York State's first-degree robbery and second-degree robbery are not "crimes of violence" under the "force clause" of U.S.S.G § 4B1.2(a)(1) because they do not require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force. (Id.)

On October 5, 2018, the Government filed an opposition brief in response to Dantzler's Petition. (See Gov't Resp. in Opp'n Pet. ("Gov't Resp.") (Dkt. 76) at 2.) Petitioner did not file a reply.

## III. STANDARD OF REVIEW

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), permits a prisoner who was sentenced in federal court to "move the court which

3

imposed the sentence to vacate, set aside, or correct the sentence" when he claims "the right to be released upon the ground that the sentence was imposed," among other reasons, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In § 2255 proceedings, the movant bears the burden of proof by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).). "[T]he pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## IV.    ANALYSIS

### A. Johnson Claim

The version of U.S.S.G § 4B1.2(a) applicable at the time of sentencing defines "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (2015).[2] Paragraph (1) is commonly known as the "force clause"; the part of paragraph (2) beginning with "or otherwise involves" is commonly known as the "residual clause." The Guidelines also identify robbery as a "crime of violence." U.S.S.G. § 4B1.2(a)(2).

---

[2] The current paragraph (2) omits the residual clause, instead listing specific offenses only: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a) (2018). For the purposes of this opinion the court uses the 2015 version of U.S.S.G. § 4B1.2(a) because Petitioner was resentenced in July 2015.

Petitioner argues that the "residual clause" of § 4B1.2(a)(2) of the Guidelines is materially indistinguishable from the residual clause of ACCA, which was invalidated for unconstitutional vagueness in Johnson, 135 S.Ct. at 2557. Both parties agree that the residual clause of the ACCA is materially indistinguishable from the residual clause of USSG § 4B1.2(a)(2) at the time of Petitioner's sentencing. (See Pet. at 5; Gov't Resp. at 3.) Moreover, Petitioner is correct that in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that Johnson has retroactive effect in cases on collateral review.

However, Petitioner's claim fails because "the Guidelines are not subject to vagueness challenges under the Due Process Clause . . . ." Beckles v. United States, 137 S. Ct. 886, 892 (2017). In Beckles, decided after Dantzler filed the instant petition, the Supreme Court rejected the argument Petitioner now puts forth regarding the residual clause. See id. The Supreme Court explained that, unlike the ACCA, the "advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. Because the advisory nature of the Guidelines do not implicate the underlying concern in Johnson, namely "providing notice and preventing arbitrary enforcement," the Supreme Court rejected any vagueness challenge under the Due Process clause. Id. at 890. Accordingly, this court rejects Dantzler's due process challenge to the residual clause of the Guidelines.[3]

---

[3] Moreover, the Government correctly points out that the Second Circuit has now held that both first and second degree robbery under New York law are crimes of violence under the Guidelines' residual clause. United States v. Jones, 878 F.3d 10, 13 (2d Cir. 2017) ("[W]e find that New York first-degree robbery categorically qualifies as a crime of violence under the residual clause and therefore need not address [the Petitioner's] argument based on the force clause . . ."); United States v. Smith, 896 F.3d 592, 595 (2d Cir. 2018) ("[E]very degree of New York robbery is a crime of violence under the residual clause.").

## B. Force Clause Claim

Petitioner also argues that "[r]obbery in the First or Second Degree is not a 'crime of violence' under the 'force clause,' . . . because it does not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force." (Pet. at 5.) In United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018), however, a case relied upon by the Government, the Second Circuit rejected a very similar claim. (See Gov't Resp. at 5.) In Pereira-Gomez, the Second Circuit found that New York robbery offenses constitute a "crime of violence" because New York's robbery statute includes as an element "the use of violent force." Id. The § 2L1.2 'force clause' interpreted in Pereira-Gomez is identical in all material respects to the § 4B1.2 'force clause' at issue here.[4] See U.S.S.G. § 2L1.2; U.S.S.G. § 4B1.2(a)(1). Therefore, Second Circuit precedent forecloses Petitioner's argument that robbery in the first or second degree is not a "crime of violence" under the "force clause" of § 4B1.2 of the Guidelines.[5]

## V. CONCLUSION

For the reasons set forth above, Petitioner's [Dkt. 71] § 2255 motion is DENIED. Further, this court has considered all of Petitioner's arguments and considers them to be without merit. Because the Petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[4] The Second Circuit has looked to cases interpreting the § 4B1.2 'force clause' in construing the § 2L1.2 'force clause.' See e.g, United States v. Folkes, 622 F.3d 152, 157 (2d Cir. 2010).

[5] Indeed, as the Government notes, in order to sustain a base offense level of 24 pursuant to U.S.S.G. § 2K2.1, this court needed only two qualifying crimes of violence, and Dantzler had four such qualifying crimes: two first-degree robbery convictions and two second-degree robbery convictions.

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified

mail, return receipt requested, and by regular mail with proof of mailing, to pro se Petitioner

Zephaniah Dantzler at his address of record.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       April 10, 2019

NICHOLAS G. GARAUFIS
United States District Judge